MRS. J. H. ELLIOTT

VS

SOPHIE WEINSHENK

6929

7360

CHARLES F. CLAIBORNE, JUDGE.

May 6th. 1918.

CHARLES F. CLAIBORNE, JUDGE.

The question involved in this case is the ownership of property seized for rent, and its liability to the lessor's privilege.

May Wilson and her husband John H. Elliott filed this suit July 6th. 1916; they alleged that on January 1916 Mrs. Elliott had leased to Sophie Weinshenk the house No. 3321 Prytania Street for a term commencing January 28th. 1916 and ending September 30th. 1916, for which the lessee furnished her eight notes, each for $65.00 payable on the first day of each month, with the stipulation that should the lessee fail to pay the rent punctually, the rent for the whole unexpired term should become due, and in case of suit, that the lessee should pay attorney's fees of ten per cent upon the amount due and eight per cent per annum interest; that there was a balance due of $30.00 on the note due June 1st., and the note due July 1st. was unpaid, by reason whereof the other three rent notes had become due, making a total amount due of $290.00 with · interest and attorney's fees; she further alleged that she had good reason to believe that her lessee would remove the furniture upon which she had a lessor's privilege and she prayed for a provisional seizure and for judgment recognizing her privilege upon the property and effects in said premises contained.

The writ issued and the furniture was seized.

Lucile Weinshenk widow Evan B. Egbert intervened in the suit and alleged: that the Sheriff had seized in this case furniture and household effects fully worth $500.00 belonging to her; that she was an undertenant of the defendant and was not indebted to her; that she was unable to advance the costs of court and desired to avail herself of Act 156 of 1912 authoriz

217

ing litigants who are unable to pay costs to litigate without advancing costs; and she prayed for judgment releasing her property from seizure.

The plaintiff thereupon took a rule against the defendant and against the intervenor, in which she alleged that the furniture seized was in the Sheriff's warehouse and was deteriorating in value, and she prayed for an order to sell the same.

Defendant, Sophie Weinshenk resisted the motion for sale.

The intervenor, Lucille Weinshenk for return to the rule alleged that it disclosed no cause or right of action; that she could not be proceeded against by rule, and that plaintiff could not proceed to the sale of her furniture before a final judgment

The rule was tried on July 20th. 1916 and taken under advisement.

On November 3th. 1916 the following order was entered on the bottom of the rule.

"The opposition thereto having been overruled October 13th. 1916, the Civil Sheriff is ordered to proceed with the sale of the property seized herein".

"Signed" Porter Parker,

Judge.

From this order the intervenor appealed suspensively. Her transcript has come up to this court under the No. 6929.

Thereupon the defendant Sophie Weinshenk filed a general denial; she admitted that she had signed the notes sued on, but denied having signed the lease.

The plaintiff answered the intervention. She admitted the seizure but denied all the other allegations of the intervenor. She further alleged that the intervenor, Lucille Weinshenk is the daughter of the defendant Sophie Weinshenk; that intervenor first rented the property 3321 Prytania Street from the plaintiff for the prupose of conducting a boarding-house with her mother; that she stated to plaintiff that the furniture to be placed in the property belonged to her mother, and at her suggestion the lease was changed and made in the name of her mother; that the intervenor and her mother have been jointly

218

operating a boarding house in the leased premises from the date
of the lease up to the time of the seizure; that the furniture
claimed by intervenor is subject to the lessor's privilege; that
the lease contains a prohibition against subleasing without the
written consent of the lessor, which was never given, and that
the intervenor was aware of said clause.

There was judgment in favor of the plaintiff Mary Wilson
wife of John Elliott and against the defendant Sophie Weinshenk,
as paryed for, for $290.00 with interest and attorney's fees
and lessor's privilege upon the property seized and ordering the
sale of the same to pay the judgment; there was also judgment
against the intervenor Lucille Weinshenk rejecting her demand.

From said judgment the defendant Sophie Weinshenk took
a devolutive appeal, without bond, under the Act of 1912.

Lucille Weinshenk took a suspensive appeal, also without
bond, under the provisions of the same act.

Their appeal comes up under the transcript No. 7360,
which has been consolidated with the previous transcript No.6929.

The lease filed with the petition is only a copy. It is
made by "Mrs. J. H. Elliott" to "Sophie Weinshenk" and contains
a type-written copy of her signature in full.

The lease filed November 3rd. 1916, under a prayer for
oyer, is made by "Mr. John H. Elliott" to "Mrs. S. Weinshenk".
It is signed "S. Weinshenk", and by "Edgar E. Smith Agt." The
lease contains the following clause:

"The lessee binds herself xxx to make no sub-lease, nor
transfer said lease in whole or in part xxx without the written
consent of the lessor." The notes are all signed "Sophie Wein-
shenk". It is immaterial in whose name the lease was made as
Mr. & Mrs. Elliott appear as plaintiffs.

On the trial of the case, the plaintiff offered in evi
dence the lease filed November 3rd. 1916, and proved the signa-
ture by the testimony of Edgar E. Smith. Counsel for defendant
objected "to the use of said lease as not being the lease upon
which the suit was filed and predicated."

The decision of the court overruling the objection was
evidently correct. Under Article 175 of the Code of Practice,

plaintiff had a right to sue upon the lease without producing the original or by simply annexing a copy; she was bound to produce the original only upon defendant's prayer for oyer, which she did more than a year before the trial of the case.

The defendant Mrs. Sophie Weinshenk did not testify herself, nor did any one in her behalf and she offered no evidence. The judgment against her is evidently correct.

From the view that we have taken of this case, it is immaterial whether the furniture that was contained in the leased premises and which was seized herein belonged to the defendant, the lessee, or to the intervenor.

Article 2707 (2677) of the Civil Code provides that the right of pledge of the lessor "affects not only the movables of the lessee and under-lessee, but also those belonging to third persons, when their goods are contained in the house or store, by their own consent, express or implied."

In this case the intervenor and her children lived in the leased premises with her mother. She brought the furniture into the house, and it was therefore in the house with her express consent.

But the intervenor contends that her furniture was not liable because she occupied the premises as an under-tenant of her mother.

Article 2706 (2676) subjects the property of the under-tenant to the lessor's privilege only in so far as the former "is indebted to the prinicpal lessee at the time when the proprietor chooses to exercise his right".

The intervenor attempts to establish her relation of under-tenant to her mother by her testimony, as follows:

(Q) Do you owe any rent or any money to your mother?

(A) Yes, I do, since this came up.

(Q) Do you owe rent to your mother?

(A) No, I don't owe rent with the exception that my livelihood was cut out, and I had to put these children in an orphan home.

(Q) Well, did you lease from your mother? That is what I want to know? Did you rent from your mother?

(A) No, I did not.

(Q) What did you mean by saying that you owed money? Did you mean then--

(A) Well, she was to receive the profits of this board-ing house.

(Q) Well, how would that make you owe money to your mother?

(A) Well, I don't know that I really owe it to her if everything.

(Q) Well, the question is you either understand what I said or you did not. I ask ou if you owed any rent to your mother, and you said yes.

(A) No, I do not owe her any rent, because I paid her rent, I gave her my services for the home of my children and myself. I owe her no rent.

Later on she says: "and that is why I did'nt pay any rent to my mother, having my furniture in that house and giving my services".

Mrs. Sophie Weinshenk did not testify on that issue either.

The first relation *is rather that of employer and* of employees is vague and indefinite, and not sufficient to establish the rights of a sub-tenant.

C. C. 2669 (2639) "Lease or hire is a synallagmatic contract to which consent alone is sufficient, and by which one party gives to the other the enjoyment of a thing, or his labor, at a fixed price".

C. C. 2670 (2640) "To the contract of lease, as to that of sale, three things are absolutely necessary, to-wit:- the thing, the price, and the consent".

C. C. 2671 (2641) "The price should be certain and deter-minate, and should consist of money. However, it may consist in a certain quantity of commodities, or even in a portion of the fruits yielded by the thing leased".

12 La. 490; 15 La. 574; 11R 279; 5A 761; 7A 654; 14A 169 (175) 17A 22; 19A 101; 20A 266; 21A 745; 32A 840; 34A 602; 1054; 36A 276; 41A 985; 106La 309; 110 La. 521; 18 Baudry Lac

221

p 412 § 832, 844 — *3 Duvergier p 95.*

There is no pretense and no evidence that Sophie Weinshenk had subleased any particular part of the premises to her daughter Lucille for any fixed price, nor that they had fixed any particular sum as the value of her services, or as the value of the premises occupied by her.

If the other consideration suggested by Lucille Weinshenk is considered, that is the undetermined value of the use of her furniture to her mother, then it was a lease by her to her mother of her furniture, which subjected her furniture to the lessor's privilege.

It has been decided that mules leased to a lessee are subject to the lessor's privilege. 23A 453.

As Lucille Weinshenk has failed to establish that she was an undertenant in her mother's house, her furniture placed in that house with her consent must be liable to the lessor's privilege for the payment of the rent due.

Having concluded that the furniture claimed by Lucille Weinshenk the intervenor was liable to be siezed and sold to satisfy plaintiff's claim for rent, it follows that the District Court had the right to entertain the motion to sell it as perishable and to so order under Article 261 of the Code of Practice, Act 94 of 1900 p 151, and the constant practice of the Courts.

The seizure and sale of that furniture was a proceeding in rem by which Sophie Weinshenk the defendant, could not be injured and of which she could not complain. 11 M 242; 28A 847; 26A 644.

The two judgments appealed from are therefore affirmed at the cost of the appellants.